# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 15, 2011

Lyle W. Cayce
Clerk

No. 11-50138
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JORGE LEYVA-OROZCO, also known as Jorge Orozco Leyva,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:10-CR-210-1

Before HIGGINBOTHAM, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jorge Leyva-Orozco appeals his guilty plea conviction for possession with intent to distribute marijuana and possession of a firearm in furtherance of a drug trafficking offense. He argues for the first time on appeal that the factual basis was insufficient to support his guilty plea to the firearms offense.

Federal Rule of Criminal Procedure 11(f) requires the district court to ensure that there is a factual basis for the plea before it enters judgment. Because Leyva-Orozco did not object to the sufficiency of the factual basis,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

review is for plain error. *United States v. Marek*, 238 F.3d 310, 315 (5th Cir. 2001) (en banc). When reviewing a Federal Rule of Criminal Procedure 11 error for plain error, this "court may consult the whole record when considering the effect on substantial rights." *United States v. Vonn*, 535 U.S. 55, 59 (2002).

Section 924(c)(1) criminalizes mere possession of a firearm as long as the possession is "in furtherance of a drug-trafficking crime." § 924(c)(1)(A). "[A] possession is 'in furtherance' of [a] drug trafficking offense when it furthers, advances, or helps forward that offense." *United States v. Ceballos-Torres*, 218 F.3d 409, 410-11 (5th Cir.), *amended on other grounds*, 226 F.3d 651 (2000). Some of the factors this court considers in determining whether a possession is "in furtherance" of a drug trafficking offense include the following: (1) the type of drug activity that is being conducted, (2) the accessibility of the firearm, (3) the type of the weapon, (4) whether the weapon is stolen, (5) the status of the possession (legitimate or illegal), (6) whether the gun is loaded, (7) proximity of the weapon to drugs or drug profits, and (8) the time and circumstances under which the gun is found. *Id.* at 414-15.

The record as a whole establishes on plain error review a sufficient factual basis for Leyva-Orozco's plea. *See id.* at 410-11; *see also United States v. Dyer*, 136 F.3d 417, 425 n.13 (5th Cir. 1998). Accordingly, Leyva-Orozco has not established that the district court plainly erred by accepting his guilty plea to the firearms offense. *See Marek*, 238 F.3d at 315. The factual basis as recited by the Government and the questioning of the district court refute any notion that the weapon was merely present. *See Ceballos-Torres*, 218 F.3d at 415. Specifically, given the proximity of the loaded weapon to the drugs and money and Leyva-Orozco's admission that the weapon could be used for protection, it was reasonable to conclude that Leyva-Orozco's possession of the weapon was in furtherance of the drug trafficking offense. *See id.* at 412-15. The judgment of the district court is AFFIRMED.